**Alfonso GONZALEZ and Yolanda Gonzalez, Appellant,**

v.

**CITY OF HARLINGEN and Jesus Cisneros, Appellee.**

**No. 13–90–216–CV.**

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

Rehearing Overruled Aug. 29, 1991.

**4.** In other words, a duck which is called a horse does not become a horse; a duck is a duck.

Maria Estella Perez, Brownsville, for appellant.

Patricia Sturgis, Adams & Graham, Harlingen, Crisanta E. Guerra, Elizabeth G. Neally, Black, Hamilton, Roerig, Yanez, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellants, Alfonso and Yolanda Gonzalez sued appellees, the City of Harlingen and Jesus Cisneros for violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA).[1] The trial court granted summary judgments favorable to appellees. The Gonzalezes appeal by five points of error. We affirm.

The Gonzalezes, in their "PLAINTIFF'S ORIGINAL PETITION," alleged that they contacted the City of Harlingen Rehabilitation Program (City) to see if they qualified for low interest loans to repair their home. The Gonzalezes spoke with a City employee, Sylvia Campos, who arranged a meeting between the Gonzalezes and a contractor, Jesus Cisneros. The Gonzalezes were told that Cisneros would perform the work on their home. On August 23, 1985, the Gonzalezes, the City and Cisneros entered into a "COMMUNITY DEVELOPMENT LOW–INTEREST LOAN HOUSING REHABILITATION CONTRACT." This Contract covered improvements to be constructed on the Gonzalezes' home. On the same date, the Gonzalezes and Cisneros executed a "BUILDER'S & MECHANIC'S LIEN CONTRACT." The appellees represented to the Gonzalezes that they would rebuild their home, especially the roof, and perform major expansion. Cisneros prepared

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–63 (Vernon 1987 & Supp.1991).

drawings of the roof structure and submitted them to the City. The City approved the drawings. Based upon these representations, the Gonzalezes mortgaged their home to the City for the sum of $7,825.00.

Cisneros started the work on September 14, 1985, and stated that the work was completed on November 1, 1985. On or about November 29, 1985, the City released to Cisneros 90 percent of the construction costs. On December 9, 1985, the City released the remaining 10 percent of the construction costs to Cisneros.

On or about February 26, 1986, and thereafter, the Gonzalezes discovered numerous problems concerning the construction and quality of materials used in their home's eastern wall, roof, foundation, siding and living-room ceiling. The Gonzalezes alleged that these unlawful acts and practices were a producing cause of their damages. They sought $315,600.96 in damages plus attorney's fees.

The Gonzalezes also alleged that the City engaged in a course of conduct designed to obligate and pressure them into signing a contract for work to be done and that it refused to re-negotiate the amount to be charged for the work that was actually performed. The Gonzalezes alleged that the appellees' conduct "traded" upon their eagerness to improve their home and that the appellees took advantage of their lack of knowledge, ability, experience and capacity to an "ungrossly" fair degree. The appellees' conduct resulted in a gross disparity between the value received by the Gonzalezes and the consideration paid to Cisneros. Alternatively, the Gonzalezes sought rescission and cancellation of all the written instruments. They requested the trial court to restore to them all of the money expended towards the repairs and remodeling of their home.

The City moved for summary judgment contending that limitations, sovereign immunity and Article 1269j–13 of the Texas Revised Civil Statutes [2] barred the Gonzalezes' DTPA action. Cisneros moved for summary judgment on the basis that limitations barred the Gonzalezes' DTPA action.

In their response to the City's motion, the Gonzalezes contended that fact issues prevented the trial court from granting the summary judgments. They also contended that Article 1269j–13 and § 101.0215 of the Texas Civil Practice and Remedies Code created liability on the City. In their response to Cisneros' motion, the Gonzalezes objected to Cisneros' proof and alleged that they filed their suit within the two-year limitations period. The trial court granted summary judgments favorable to the City and Cisneros.

In reviewing a summary judgment record, this court must determine whether a disputed material fact issue exists that would preclude a summary judgment. *Gonzalez v. Mission American Insurance Co.*, 795 S.W.2d 734, 736 (Tex.1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubt resolved in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

By point one, the Gonzalezes complain that the trial court erred in dismissing their breach of contract action against the appellees. The appellees argue that the Gonzalezes did not plead a breach of contract action. The purpose of pleadings is to give the adversary parties notice of each party's claims and defenses, as well as

---

**2.** *See* The Act of June 11, 1987, ch. 342, § 1, 1987 Tex.Gen. & Spec.Laws 1761, *repealed by* the Act of March 1, 1989, ch. 1, § 2(b), 1989 Tex.Gen. & Spec. Laws 2. The Act of June 11, 1987, ch. 342, § 1, 1987 Tex.Gen. & Spec. Laws 1761 (repealed 1989). *See now* Tex. Local Gov't Code Ann. § 5.904 (Vernon Supp.1991).

notice of the relief sought. *Perez v. Brier-croft Service Corp.*, 809 S.W.2d 216, 217 (Tex., 1991). In determining whether a cause of action was pled, the plaintiff's pleadings must be adequate for the court to be able, from an examination of the pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of the plaintiff's cause of action and the relief sought with sufficient information on which to base a judgment. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979); *Henderson v. Henderson*, 694 S.W.2d 31, 35–36 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The general rule is that pleadings will be construed as favorably as possible to the pleader. *Gulf, C. & S.F. Ry. Co., v. Bliss*, 368 S.W.2d 594, 599 (Tex.1963); *Henderson*, 694 S.W.2d at 36; *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d 873, 877 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ). "The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated." *Bliss*, 368 S.W.2d at 599.

This court explained the requirements necessary to plead a breach of contract action in *Koenning v. Manco Corp.*, 521 S.W.2d 691, 695 (Tex.Civ.App.—Corpus Christi 1975), *writ ref'd n.r.e.*, 531 S.W.2d 805 (Tex.1975). In *Koenning*, we stated:

> It is elementary that there must be an allegation of a contractual relationship. It is necessary that the petition aver every material part of the contract and so much of it as essential to the cause of action should be specially set out. Since no recovery can be had for a breach of contract that is not pleaded, the petition must show a breach of the contract by the defendant, and is defective if it fails to do so.

*Koenning*, 521 S.W.2d at 695. *See UMC, Inc. v. Coonrod Electric Co.*, 667 S.W.2d 549, 553 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Air & Pump Co. v. Almaquer*, 609 S.W.2d 309, 313 (Tex.Civ. App.—Corpus Christi 1980, no writ).

■ In the instant case, the Gonzalezes did not allege that either appellee breached any contract. The Gonzalezes also did not request damages for breach of contract. Even construing the pleadings favorably to the Gonzalezes, we find and hold that the pleadings did not give appellees fair notice of a breach of contract cause of action.

■ By point four, the Gonzalezes complain that the trial court erred in granting summary judgment based upon limitations. Both appellees moved for summary judgment on the basis that limitations barred the Gonzalezes' DTPA action. The statute of limitations is an affirmative defense. Tex.R.Civ.P. 94. When a defendant moves for summary judgment based on an affirmative defense, its burden is to prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–311 (Tex.1984). The movant-defendant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974). Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment filed on the basis of an affirmative defense. *Torres v. Western Casualty and Surety Co.*, 457 S.W.2d 50, 52 (Tex.1970). If a movant establishes an affirmative defense which would bar the suit as a matter of law, the non-moving party must then adduce summary judgment proof raising a fact issue in avoidance of the affirmative defense, for example, facts which would bring the matter within an exception or defense to the movant's affirmative defense. *Palmer v. Ensearch Corp.*, 728 S.W.2d 431, 435 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

Section 17.565 of the Texas Business & Commerce Code provides:

> All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the

consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

The Gonzalezes filed suit on November 13, 1987. They pleaded that "[o]n or about February 26, 1986, and thereafter Plaintiffs discovered that the above described representations were false, misleading and deceptive in the following respects...." They then listed the alleged defects in their home.

 The discovery rule is a plea in confession and avoidance to prevent the operation of the statute of limitations, and at trial, the burden is on the party relying on it to plead and prove it. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988). This burden of proof does not apply in a summary judgment context. There, the burden is on the movant, usually the defendant, to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered the act. *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977); *Pooley v. Seal*, 802 S.W.2d 390, 393 (Tex.App.—Corpus Christi 1990, writ denied). *See Woods*, 769 S.W.2d at 518 n. 2.

Cisneros stated in his affidavit that he performed construction work at the Gonzalezes' residence. He completed the work on November 1, 1985, and did not perform any more work on the residence after that date. He notified the Gonzalezes that he had completed the work. On November 1, 1985, he asked Mr. Gonzalez to sign a "Certificate of Completion." Mr. Gonzalez refused to sign the certificate because, according to Cisneros, "he [Mr. Gonzalez] had several complaints about the construction."

The Gonzalezes stated in their affidavit, in pertinent part:

. . . . .

"We were never satisfied with the work done nor the quality of material used;
"We both questioned that some if not all of the material used were scrap or used materials;
"The roof and four (4) foot addition were not completed by November 01, 1985;
"We obtained full and total knowledge of the substandard work on our house some days after March 03, 1986, when we reviewed the structural engineer's report to our attorney;
"That prior to that date all we had was suspicion that the work was not right;
"We were never told changes had been made to the plans and specifications;

. . . . .

"We took photographs on October 27 and 28, 1985, showing that the contractor had not finished his work, which photographs we gave to our attorney.
"No inspections were made by FLORES or CAMPOS on November 01, 1985;"

 The question is whether the appellees proved as a matter of law that no issue of material fact existed concerning when the Gonzalezes discovered or should have discovered the act giving rise to their cause of action. The Gonzalezes' summary judgment evidence establishes that on November 1, 1985, they knew that the roof and four foot addition were not completed and that they were not satisfied on that date. They had a suspicion that the work was not done right. They were never satisfied with the work or the quality of the materials. The Gonzalezes seek to avoid limitations by claiming that they did not know the extent of their damages until March 3, 1986. Section 17.565 provides that all DTPA actions "must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Nothing in the Gonza-

lezes' response shows that the cause of action arose in 1986; rather, the evidence shows that the Gonzalezes were aware of the facts giving rise to their cause of action on November 1, 1985. *See Tenowich v. Sterling Plumbing Co.*, 712 S.W.2d 188, 190 (Tex.App.—Houston [14th Dist.] 1986, no writ).

The Gonzalezes argue that their "pleaded facts" show that the limitations period should be extended for 180 days. The Gonzalezes' summary judgment evidence does not show that limitations should be tolled because the appellees knowingly engaged in conduct solely calculated to induce them to refrain from or postpone the commencement of their cause of action. The two-year limitations statute barred the Gonzalezes' DTPA action. We, therefore, hold that the trial court did not err by granting appellees' summary judgment motions based on limitations.

Due to our disposition of points one and four, we need not address the remaining points of error. Tex.R.App.P. 90(a).

The trial court's judgement is AF-FIRMED.