**Affirmed and Opinion filed April 12, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00089-CV

**ANGELA GARCIA, Appellant**

**V.**

**FRANCISCO J. ALVAREZ, Appellee**

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-22461**

## O P I N I O N

Angela Garcia appeals from an order of enforcement requiring her to reimburse $3,000 to her ex-husband, Francisco J. Alvarez, that he overpaid pursuant to their division of property upon divorce. Garcia contends that the trial court was without authority to order the reimbursement or to order it in the form of a money judgment. We affirm.

# I. Background

Garcia and Alvarez entered into an Agreed Final Decree of Divorce, and the trial court approved it on October 18, 2005. Among other provisions, the decree provided for the division of the parties' marital estate, with Garcia being awarded, as her sole and separate property, the items listed in exhibit "A" attached to the decree. Among other items, exhibit "A" includes the following language:

> As additional consideration for and in division of the parties' community property . . . [Garcia] shall receive monthly payments from [Alvarez] in the sum of $1,000 per month, payable on the 1st day of each month hereafter, until the minor child of the parties attains the age of eighteen (18) years, or until the first occurrence of one of the following: a) death of [Garcia], b) death of [Alvarez], or c) remarriage of [Garcia].

Alvarez thereafter began making the $1,000 monthly payments to Garcia as required under the decree. In December 2009, Garcia remarried, but she did not inform Alvarez of this event. Consequently, Alvarez continued to make $1,000 payments to Garcia for the months of January, February, and March 2010. When Alvarez discovered the fact of Garcia's remarriage, he demanded return of the $3,000 he had paid beyond what he was required to pay under the decree. Garcia refused and Alvarez filed a motion for enforcement.

In his motion, Alvarez requested that the court order Garcia to return, by a specified date, the $3,000 he paid to her after her remarriage. He also requested attorney's fees. Garcia filed a combined response and motion to dismiss. At a subsequent evidentiary hearing, Garcia acknowledged that she married in December 2009, but did not inform Alvarez. She further admitted receiving and refusing to return $3,000 in monthly payments from Alvarez after her remarriage. At the conclusion of the hearing, the trial court granted the motion to enforce, ordered Garcia to pay Alvarez $3,000, and ordered Garcia to pay Alvarez's attorney's fees of $2,500.[1]

---

[1] There is confusion in this case regarding the issuance of findings of fact and conclusions of law by the trial court. The clerk's record reflects that Garcia requested findings and conclusions and filed a

## II. Discussion

While not denying that she received payments from her ex-husband that she was not entitled to under the divorce decree, Garcia contends on appeal that the trial court was without authority to require her to return the money to her ex-husband because the agreement between the parties, and approved by the court, did not expressly address the issue of overpayment. She further posits that it was improper to award Alvarez a money judgment under these circumstances.[2]

### A. Trial Court's Enforcement Authority

A court that renders a divorce decree retains continuing subject-matter jurisdiction to enforce the property division. Tex. Fam. Code § 9.002; *In re Provine*, 312 S.W.3d 824, 829 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding). Under Texas Family Code section 9.006, entitled Enforcement of Division of Property, "the court may render further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of or to clarify the prior order." Tex. Fam. Code § 9.006(a). The court also "may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed." *Id.* § 9.006(b).

The authority outlined in Section 9.006, however, has limits. Section 9.007, entitled Limitation on Power of Court to Enforce, provides in relevant part as follows:

---

notice of past due findings and conclusions. In her brief to this court, Garcia states that the trial court entered findings and conclusions; however, no findings or conclusions are contained in the record. After multiple entreaties to the trial court clerk and the parties, the clerk's record has not been supplemented with findings or conclusions. Indeed, it has been represented that if such documents once existed, they have been lost and cannot be recovered. Garcia has not assigned error based on the absence of any findings of fact and conclusions of law in the clerk's record. As briefed by the parties, resolution of this appeal does not turn on the alleged findings and conclusions. Accordingly, we will consider the substantive issues in this appeal without reference to any findings of fact or conclusions of law.

[2] In her brief, Garcia lists four overlapping issues; however, she does not then track those issues in the argument section of her brief. We consider all of Garcia's issues and arguments but do not attempt to assess which arguments fall under particular issues.

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce . . . . An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable.

*Id.* § 9.007.[3]

We consider a trial court's order of enforcement under an abuse of discretion standard. *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.); *see also Dade v. Dade*, No. 01–05–00912–CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (noting that the Texas Legislature has conferred wide discretion upon trial courts to enforce property divisions contained in a divorce decree) (mem. op.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Reimbursement

Garcia initially argues that because the agreement between the parties, which the trial court approved in the divorce decree, did not contain any provisions requiring her to notify Alvarez of her remarriage or reimburse him for any overpayment, the trial court could not order reimbursement in an enforcement proceeding. She further emphasizes that she has not failed to perform under the agreement, and thus, "there was nothing [for the trial court] to 'enforce.'" Based on these assertions, Garcia concludes that the trial

---

[3] Section 9.008 further outlines a court's authority to issue clarifying orders prior to hearing a motion for contempt. *See* Tex. Fam. Code § 9.008. The order at issue in the present case, however, is one of enforcement and not of clarification. Moreover, Alvarez filed only a motion for enforcement and did not institute contempt proceedings against Garcia.

court improperly amended, modified, altered, or changed the agreement by creating a duty for her to decline or return overpayments or to notify Alvarez of her remarriage.[4]

Garcia grounds her arguments on the well-established principle that agreed divisions of marital property contained in or incorporated into final divorce decrees are treated as contracts and their legal force and meaning are governed by the law of contracts. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986); *Kurtz v. Kurtz*, 158 S.W.3d 12, 18 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). The fact that a decree incorporated an agreement between the parties, however, does not mean that the procedures and enforcement mechanisms provided in Chapter 9 of the Family Code no longer apply or that the trial judge has no ability to fashion an appropriate remedy within its authority. To the contrary, that chapter makes no such distinction.[5] *See Gottfried v. Gottfried*, No. 14-10-00645-CV, 2011 WL 5042483, at *2-4 (Tex. App.—Houston [14th Dist.] Oct. 25, 2011, pet. filed) (mem. op.) (approving enforcement order regarding retirement benefits in parties' agreement as not altering the substantive division of property under Tex. Fam. Code §9.007(a)); *Watson v. Heaton*, No. 14-09-00717-CV, 2010 WL 5132565, at *2 (Tex. App.—Houston [14th Dist.] Dec. 14, 2010, no pet.) (mem. op.) (applying provisions of chapter 9 to decree incorporating parties' agreement); *see also Gentile v. Gentile*, No. 13-04-00167-CV, 2007 WL 271144, at *3 (Tex. App.—Corpus Christi Feb. 1, 2007, pet. denied) (affirming grant of money judgment in suit to enforce property division even though remedy not recited in settlement agreement, explaining that an agreement should not be read to limit a party's remedial rights unless such intent is clear). Nothing in the agreed divorce decree appears to limit the parties' remedial rights in regard to overpayments.

---

[4] Also in her brief, Garcia alleges that the court erred in referring to the $1,000 a month payment as "alimony" in the enforcement order. She does not, however, contend any harm emanated from this allegedly inaccurate description. Consequently, we will not specifically address whether the language was proper. *See* Tex. R. Civ. P. 44.1(a); *In re J.A.C.*, No. 14-11-00119-CV, 2011 WL 6425698, at *5 (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, no pet.). It is also worth mentioning that Garcia's own counsel repeatedly referred to the payments as "alimony" in the trial court.

[5] Texas Family Code subsections 9.007(a) and (b) specifically reference their applicability to divisions made *or approved* by the trial court. Tex. Family Code § 9.007(a), (b).

The parties agreed as part of their property division that Garcia would receive from Alvarez $1,000 a month until the occurrence of one of four specified events, including Garcia's remarriage. Garcia remarried but thereafter continued to receive the $1,000 payments contrary to the clear intention expressed in the settlement agreement. In short, she received and retained money to which she admits she was not entitled under the agreed division of property. In his pleadings, Alvarez stated these facts and asked the court to enforce the decree and order Garcia to reimburse the amount he overpaid.

In its order of enforcement, the trial court stated that Alvarez had "overpaid . . . in the amount of $3,000" and Garcia had retained those funds. The court then granted judgment for Alvarez for $3,000 plus attorney's fees.[6] Ordering the return of the $3,000 that was rightfully Alvarez's under the agreed property division did not amend, modify, alter, or change the division of property. *See* Tex. Family Code §9.007(a). The court simply was enforcing the division of property made in the decree as authorized by the Family Code. *See id.* §9.006(a). Consequently, we conclude that the trial court did not abuse its discretion in granting the motion to enforce.

### C. Money Judgment

Garcia additionally argues that the trial court erred in issuing a money judgment favoring Alvarez because (1) such judgment would only be proper if Garcia's conduct caused Alvarez to suffer damages and (2) Family Code section 9.010 does not support issuance of a money judgment under these circumstances.[7] To preserve error, a party

---

[6] Garcia does not complain on appeal about the award of attorney's fees.

[7] A "money judgment" is "[a] judgment for damages subject to immediate execution . . . ." Black's Law Dictionary 379 (2d Pocket ed. 2001). Instead of ordering Garcia to pay a specified amount by a certain date, the court provided for post-judgment interest in its judgment of enforcement, running from the date the judgment was signed until the date the amount was paid.

Section 9.010 reads as follows:

**§ 9.010. Reduction to Money Judgment**

(a) If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply.

must make a timely request, objection, or motion in the trial court with sufficient specificity to make the court aware of the complaint. Tex. R. Civ. P. 33.1(a). A party's argument on appeal must comport with its complaint in the trial court. *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding party waived particular argument on calculation of post-judgment interest in trial court's judgment by making different argument before trial court).

Garcia asserted below only that the trial court was without authority to require her to reimburse Alvarez because the settlement agreement contained no such remedy. At no point did Garcia specifically object, complain, or argue that a money judgment was an improper remedy under the circumstances of this case. Specifically, she did not raise objection when the trial court announced at the conclusion of the enforcement hearing that this would be the form of the judgment and she did not file any post-judgment motions seeking amendment or modification of the judgment. Consequently, Garcia failed to preserve her money judgment arguments for appellate review. *See* Tex. R. Civ. P. 33.1(a).

We overrule each of Garcia's issues and affirm the trial court's judgment.

/s/      Martha Hill Jamison
Justice

Panel consists of Justices Frost, Seymore, and Jamison.

---

(b) If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

(c) The remedy of a reduction to money judgment is in addition to the other remedies provided by law.

(d) A money judgment rendered under this section may be enforced by any means available for the enforcement of judgment for debt.

Tex. Fam. Code § 9.010.