**Affirmed as Modified in Part, Reversed in Part, and Remanded; and Memorandum Opinion filed July 8, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00767-CV

---

### TIM WILSON SR., Appellant

### V.

### FRIEDA WILSON, Appellee

---

**On Appeal from the County Court at Law
Waller County, Texas
Trial Court Cause No. 10-06-20425**

---

### MEMORANDUM OPINION

In this post-divorce enforcement action, the trial court awarded appellee Frieda Wilson a money judgment against her ex-husband, appellant Tim Wilson Sr., for $12,000 in unpaid contractual alimony plus attorney's fees, court costs, and interest. In two issues, Tim contends that the trial court erred by (1) failing to dismiss Frieda's claim under Rule 91a of the Texas Rules of Civil Procedure, and

(2) awarding all or some of the alimony and interest because it was barred by limitations.

We overrule Tim's first issue and sustain in part his second issue. Accordingly, we modify the damages award, reverse the portion of the trial court's judgment awarding prejudgment interest, remand for recalculation of prejudgment interest, and affirm the remainder of the judgment as modified.

## I. BACKGROUND

Freida and Tim divorced in 2012. The divorce decree recited that the parties entered into a written agreement as contained in the decree and stipulated that it was enforceable as a contract. Under the heading "Contractual Alimony," the parties agreed for Tim to pay Frieda contractual alimony in the amount of $4,000 per month, payable on the first of each month, beginning on June 1, 2013, through May 1, 2015. Payments would be deemed timely made if direct deposited on or before the fifth day following the date that each payment was due.

The contractual alimony section of the decree provided for acceleration of the payments if Frieda notified Tim in writing of her intent to invoke the provisions of the decree relating to acceleration. If Tim did not cure a default within thirty days of receiving the notice, then at Freida's "option, the entire remaining obligation of [Tim], . . . or any portion of the obligation of [Tim], at [Freida's] election, shall then be accelerated and become due and payable."

On March 26, 2019, Frieda filed a motion to enforce, quoting from the contractual alimony section of the decree and alleging that Tim violated the decree by failing to make required payments beginning in December 2013. Frieda asked the court to order Tim to pay the amount of past-due alimony plus interest, court

2

costs, and attorney's fees, and to render a judgment in her favor for the same. She also asked the court to hold Tim in contempt.

Tim filed an answer and an amended answer, in part stating, "To the extent that Movant's Motion to Enforce seeks enforcement of contractual alimony by contempt, the motion is baseless in law and in fact, and fails to state a cause of action upon which relief may be granted and should be dismissed." He also asserted that the motion to enforce was barred by the statute of limitations. At the hearing on the motion, Tim's counsel explained further:

> But, Your Honor, this is filed as a motion to enforce; and it's to enforce contractual—this is not statutory alimony; this is a contractual alimony provision. That's not enforceable by traditional enforcement mechanisms. It's a—it would simply be a suit on a contract. That's not what we have before the Court today. We filed a motion to dismiss along with the answer based on the fact that this is not an appropriate remedy.

The court explained that it would "treat it as contractual" and "treat it as a breach of contract," and apply the four-year statute of limitations.

Freida testified at the hearing that Tim stopped paying the $4,000 monthly alimony in December 2013. The court admitted as an exhibit a letter she sent to Tim in January 2014 to notify him of her intent to invoke the acceleration provision of the decree if he failed to cure within thirty days. She testified, however, that after sending the notice of default, she did not take any additional steps to actually accelerate the debt.

The court announced that it would award Freida the alimony payments due for March, April, and May 2015 and that Freida did not accelerate the debt in January 2014. The court signed a final judgment awarding Freida $12,000 for the contractual alimony, $2,510.13 in prejudgment interest, $3,500 in attorney's fees,

3

and $105 in court costs, for a total judgment amount of $18,115.13. The court did not enforce the contractual alimony by contempt.

## II.     RULE 91A

In his first issue, Tim contends that the trial court erred by not dismissing Freida's claim under Rule 91a. Tim contends that contractual alimony cannot be recovered through a motion for enforcement of a divorce decree.[1]

### A.     The Rule

In relevant part, Rule 91a of the Texas Rules of Civil Procedure provides, "Except in a case brought under the Family Code . . ., a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2.

---

[1] The parties have not briefed whether the denial of a Rule 91a motion is reviewable on appeal after a trial on the merits. For purposes of this appeal, we assume without deciding that it is. *See Koenig v. Blaylock*, 497 S.W.3d 595 (Tex. App.—Austin 2016, pet. denied) (reviewing denial of Rule 91a motion following trial court's order to partition real property pursuant to divorce decree). *But see Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 133 (Tex. App.—Amarillo 2019, no pet.) ("We believe [the defendant's] complaint of the trial court's denial of their motion to dismiss [under Rule 91a] was rendered moot when the court tried the merits of the [plaintiff's] case and rendered judgment in their favor." (citing *Bennett v. Pippin*, 74 F.3d 578, 585 (5th Cir. 1996))); *but cf. Isaac v. Burnside*, 616 S.W.3d 609, 612 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (denial of motion for summary judgment not reviewable on appeal after a trial on the merits).

**B. No Preservation**

As a prerequisite to presenting a complaint for appellate review, a party must make a complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a); *Garcia v. Alvarez*, 367 S.W.3d 784, 788 (Tex. App.—Houston [14th Dist.] 2012, no pet.). A party's argument on appeal must comport with the complaint in the trial court. *Id.*

Here, Tim's assertion in his answer that the motion for enforcement should have been dismissed did not state that his motion was made pursuant to Rule 91a. Nor did Tim refer to Rule 91a at the hearing. Thus, Tim did not make any complaint based on Rule 91a to the trial court.

Accordingly, Tim did not preserve any error for any complaint about the trial court denying a Rule 91a motion. *See Garcia*, 367 S.W.3d at 788 (complaint that trial court could not render a money judgment regarding overpayment of agreed periodic payments in divorce decree was not made to trial court and thus waived).

**C. Rule 91a Inapplicable to Enforcement Motion**

By its terms, Rule 91a is not applicable to a case brought under the Family Code. Freida's motion for enforcement, which included a request for a money judgment and contempt, was brought under the Family Code. *See* Tex. Fam. Code § 9.001 (enforcement generally); *id.* § 9.010 (authorizing money judgment for failure to make payments of money awarded in the decree); *id.* § 9.012 (authorizing contempt); *see also Jenkins v. Jenkins*, 991 S.W.2d 440, 445 (Tex. App.—Fort Worth 1999, no pet.) (noting that contractual alimony could be recovered through a motion to enforce under the Family Code, which "allows a

party who does not receive payments of money awarded in a divorce decree to sue the defaulting party for a money judgment in the amount of the unpaid payments"). Thus, the trial court would not have erred by denying a Rule 91a motion on this basis.

**D.     No Error**

Moreover, Tim has not shown any error.  His reliance on *In re L.R.P.*, No. 05-14-01590-CV, 2016 WL 514174 (Tex. App.—Dallas Feb. 9, 2016, no pet.) (mem. op.), is misplaced.  In that case, the court of appeals upheld the trial court's dismissal of a motion to enforce a contractual alimony provision because the movant did not request a money judgment and sought enforcement only by unavailable means—contempt and wage withholding.  *See id.* at \*4–5; *see also Dalton v. Dalton*, 551 S.W.3d 126, 134 (Tex. 2018) (wage withholding unavailable to enforce contractual alimony); *In re Green*, 221 S.W.3d 645, 647 (Tex. 2007) (contempt unavailable to enforce contractual alimony).

A more analogous case is *Woolam v. Tussing*, 54 S.W.3d 442 (Tex. App.—Corpus Christi 2001, no pet.), in which the court of appeals reversed the trial court's denial of a petition for enforcement of spousal maintenance.  In the wife's petition, she requested that contractual alimony be enforced by contempt, but she also requested a money judgment for the missed payments, interest, and attorney's fees.  *See id.* at 444.  The court of appeals held that, even though the alimony could not be enforced by contempt, *id.* at 450, the wife adequately pleaded a claim for failure to pay contractual alimony.  *See id.* at 448.  The court reached this conclusion, despite the wife never referring to a "contract" or "breach of contract" in her petition, because the nature of her complaint was obvious from a review of the pleadings—she alleged a contractual relationship and the failure to make monthly payments.  *See id.* at 447, 448 & n.6.

6

In Freida's motion to enforce, she quoted from the "contractual alimony" section of the divorce decree and alleged that Tim "failed to comply" with the decree by failing to make required payments. Although she requested Tim be held in contempt, she also requested a money judgment for the amount Tim failed to pay as contractual alimony plus interest, costs, and attorney's fees. Thus, her request for enforcement by means of a money judgment had an adequate basis in law—the allegations, taken as true, together with inferences reasonably drawn from them, would entitle her to relief. *See* Tex. R. Civ. P. 91a.1; *see also Woolam*, 54 S.W.3d at 447–48.

Tim's first issue is overruled.

### III.    LIMITATIONS

In his second issue, Tim contends that the trial court erred by not applying the four-year statute of limitations to (1) the entire debt because the debt was accelerated by Freida's January 2014 letter, or alternatively (2) the payment due for the month of March 2015.

The parties agree that the four-year statute of limitations applies and that when a contract calls for fixed periodic payments, a separate cause of action accrues and a separate limitations period applies for each missed payment. *See Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 786–87 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A plaintiff may not recover any payment more than four years overdue. *See id.* at 787.

Relying on the Supreme Court of Texas's opinion in *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562 (Tex. 2001), Tim contends that Freida accelerated the debt so the statute of limitations began to run for all remaining payments in January 2014—more than four years before she brought the

7

enforcement action. Tim incorrectly asserts that the statute of limitations accrues "when a party provides notice of intent to accelerate." Rather, under *Holy Cross*, an action may accrue for purposes of limitations if the plaintiff "actually exercises its option to accelerate" a debt. *Id.* at 566. "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* This is a question of fact for the trial court. *See id.* at 568 (noting that although accrual is a legal question, "whether a holder has accelerated a note is a fact question").

Here, the trial court orally found that Freida did not accelerate the debt because "she said she was going to, but she didn't."[2] Freida's testimony and her letter support the trial court's finding. Although Freida provided notice of an intent to accelerate, she did not actually accelerate the debt. *See id.* at 566.

However, under the terms of the decree providing for contractual alimony, the payments were due on the first of each month and deemed timely if made by direct deposit on the sixth of each month. Freida filed her motion to enforce on March 26, 2019. Thus, the evidence conclusively establishes that the March 2015 payment, which the trial court awarded to Freida, is barred by the four-year statute of limitations, and the trial court abused its discretion to award the March 2015 payment to Freida. *See Trelltex*, 494 S.W.3d at 786–87; *see also Woody v. Woody*, 429 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting that although sufficiency of the evidence is not an independent ground of error in a

---

[2] The trial court did not file written findings, but we would infer this finding anyway. *See Woody v. Woody*, 429 S.W.3d 792, 797 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (in post-divorce enforcement proceeding, noting that courts of appeals will infer all findings necessary to support the judgment and uphold those findings if supported by sufficient evidence); *see also Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 615 (Tex. App.—Dallas 2003, pet. denied) (rule that appellate court will uphold judgment on any legal theory that finds support in the evidence applies regardless of oral pronouncements from the trial court).

post-divorce enforcement action, insufficient evidence is a factor to consider in assessing whether the trial court abused its discretion).

Tim's second issue is sustained in part to bar recovery of the March 2015 payment, thus reducing the damages awarded by $4,000.

## IV. PREJUDGMENT INTEREST

Within his second issue, Tim contends that Freida should not have been able to recover the alimony "plus interest" for the month of March 2015. But, he does not provide a calculation for prejudgment interest or assert specific error related to the calculation of prejudgment interest, and we are unable to discern from the record the exact calculation used by the trial court. He prays that this court reverse the judgment and remand for further proceedings. Accordingly, we will reverse the award of prejudgment interest and remand for the trial court to recalculate prejudgment interest in light of the modified damages award. *See* Tex. R. App. P. 43.3; *see also, e.g.*, *Jang Won Cho v. Kun Sik Kim*, 572 S.W.3d 783, 815 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (remanding for recalculation of prejudgment interest in light of the modified damages award).

## V. CONCLUSION

Having overruled Tim's first issue and sustained in part his second issue, we modify the trial court's judgment to order that Freida recover from Tim the sum of $8,000. We order that the portion of the judgment that awards prejudgment interest is reversed and ordered severed and remanded to the trial court for further proceedings in accordance with this court's opinion. The remainder of the trial court's judgment is affirmed.

/s/ Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.