Alberston's v. Ellis

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-189-CV

ALBERTSON'S, INC., A CERTIFIED APPELLANT

SELF-INSURED 

V.

KATHRYN D. ELLIS AND TEXAS  APPELLEES

WORKERS' COMPENSATION 

COMMISSION 

------------

FROM THE 141
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION

This is a workers’ compensation case.  Appellant Albertson’s, Inc., A Certified Self-Insured appeals from the trial court’s grant of Kathryn D. Ellis (“Ellis”) and Texas Workers’ Compensation Commission (“TWCC”) motion for summary judgment based on the lack of jurisdiction, arguing that the opinion of the TWCC appeals panel was a final decision allowing it to seek judicial review under section 410.251 of the Texas Labor Code (“the Code”), and that the trial court erred in granting appellees’ motion for summary judgment because appellant did not request relief through a plea to the jurisdiction.  We affirm.

II.  F
ACTUAL
 
AND
 L
EGAL
 B
ACKGROUND

On October 22, 1999, Ellis allegedly injured herself while working for appellant when her right arm got caught between two shopping carts.  Ellis reported the injury to her supervisor and filed the necessary claims with the TWCC as required by the Texas Workers’ Compensation Act and appellant’s insurance policy.  Dr. Benjamin Agana, appellant’s choice of doctor for the required medical examination, certified Ellis at maximum medical improvement (“MMI”) as of October 20, 2000 and assigned an impairment rating (“IR”) of 0%.  Ellis disputed Dr. Agana’s diagnosis.  In response to the dispute, the TWCC designated Dr. Maximino Segura, who certified in a designated doctor’s report that Ellis’s MMI date was May 9, 2001 and assigned a 22% IR.  Appellant disputed the 22% IR and requested a letter of clarification from Dr. Segura.  Dr. Segura replied to the request stating he would not change the IR.  In response, appellant asked TWCC to send a second letter requesting clarification, which it did.  On October 12, 2001, before a response to the second letter was forthcoming, Dr. Segura’s office manager notified the TWCC that the physician had suffered a stroke and could not respond.

On March 12, 2002, a contested case hearing (“CCH”) was held to determine the correct MMI date and IR.  The hearing officer determined that Dr. Segura’s report was invalid, that there needed to be a designated doctor’s report in the record to determine the IR, and that Ellis’s IR could not be determined from the evidence presented.  She concluded that it was necessary to “return
 
the issue of [Ellis’s IR] to the Dispute Resolution Offices [of the TWCC] for the appointment of a new designated doctor to assess an [IR].”  The hearing officer also noted that the parties stipulated that Ellis attained MMI on October 27, 2001.

Appellant appealed the following issues to the TWCC appeals panel:  (1) the correct MMI date; (2) the correct IR; and (3) whether the hearing officer exceeded her authority by ordering the TWCC to appoint a second designated doctor to assess Ellis’s IR.  The appeals panel opinion “affirmed in part and reversed and rendered in part.”  As to the correct MMI, the appeals panel held, “We . . . reverse the decision of the hearing officer that the claimant attained MMI on October 27, 2001, and render a decision that the MMI date has yet to be determined.”  As to the other issues, the appeals panel held, 

[W]e affirm the action of the hearing officer in ordering that a second designated doctor be appointed. . . .  Since there has been 
no final resolution 
of the MMI and IR issues by a designated doctor, we believe it is necessary that a second designated doctor be appointed to resolve the issues of MMI and IR.  We perceive no error in the hearing officer’s decision to order the [TWCC] field office to appoint a second designated doctor.  [emphasis supplied.]

On July 10, 2002, appellant filed suit in Tarrant County district court, seeking judicial review of the following issues:  (1) the correct MMI date; (2) the correct IR; and (3) whether the hearing officer exceeded her authority by ordering the TWCC to appoint a second designated doctor to assess Ellis’s IR.  Ellis filed for summary judgment seeking the dismissal of appellant’s case on the basis that the TWCC did not make a “final decision” as to the date of MMI and IR, which prevented appellant from seeking judicial review of those issues.  Appellant filed its own motion for summary judgment on September 23, 2002, asserting that the TWCC rules require adoption of an existing assessment of MMI and IR when a designated doctor’s opinion is rendered invalid.  The trial court granted Ellis’s motion for summary judgment on May 30, 2003, holding that it did not have jurisdiction because the TWCC had not rendered a final decision.  This appeal followed.

III.  J
URISDICTION
 
OF THE
 T
RIAL
 C
OURT

 
In its first three points, appellant complains that the trial court erred in granting Ellis’s motion for summary judgment because the TWCC appeals panel decision was final and appealable under the Code, which gave the trial court jurisdiction to review the decision. Specifically, appellant claims that the TWCC issued a final decision under 
 
Section 410.251 of the Code
(footnote: 1) on the issue of MMI, IR, and appointment of a second designated doctor.  In support of its argument, appellant points to section 410.203(b) of the Code which provides:  “An Appeals Panel may:  (1) affirm the decision of the hearing officer; (2) reverse that decision and render a new decision; or (3) reverse that decision and remand the case to the hearing officer for further consideration and development of evidence.” 
 Tex. Lab. Code Ann
. § 410.203(b) (Vernon 1996).  According to appellant, the appeals panel’s opinion was a final decision because it “affirmed in part and reversed and rendered in part,” but did not remand the case to the hearing officer.

Ellis contends that appellant has not exhausted its administrative remedies because the appeals panel clearly and unequivocally held that the issues pertaining to Ellis’s date of MMI and IR would require the appointment of a second doctor, and the panel affirmed the hearing officer’s order that a second designated doctor be appointed.
(footnote: 2)  We agree.

Section 410.251 clearly requires that a party must exhaust its administrative remedies and be aggrieved by a 
final decision 
of the appeals panel before it seeks judicial review.  
Tex. Lab. Code Ann
 § 410.251 (Vernon 1996).  Despite the absence of the word “remand” in the wording of the appeals panel opinion, from a review of the opinion in its entirety, it is clear that the appeals panel agreed with the hearing officer that no final resolution of the MMI and IR issues had occurred and that “further consideration and development of the evidence” was necessary through the appointment of a second designated doctor.  In fact, the appeals panel ruling finds that “there has been
 no final resolution 
of the MMI and IR issues.”  [emphasis supplied.]  This is so because until a second designated doctor is appointed and makes a determination regarding Ellis’s date of MMI and IR, there can be no final decision from which judicial review may be sought.
(footnote: 3) 
 
Therefore, although the appeals panel “affirmed” the hearing officer’s decision in part, the panel was affirming that no final resolution of the MMI and IR issues had occurred and that further ”development of the evidence” was required, through the appointment of a second designated doctor.  The mere failure of the appeals panel to use the word “remand” in the judgment portion of its opinion does not make its nonfinal decision final for the purpose of judicial review, and is, in effect, a remand, regardless of how that remand is denominated.
(footnote: 4)  We overrule appellant’s first three points. 

IV.  L
ACK OF 
J
URISDICTION AS 
B
ASIS FOR 
S
UMMARY 
J
UDGMENT 

In its fourth point, appellant complains the trial court erred in granting Ellis’s motion for summary judgment based on the lack of jurisdiction because Ellis filed a motion for summary judgment and not a plea to the jurisdiction.  Appellant cites 
Bland Independent School District v. Blue
(footnote: 5) 
for the proposition that an argument for lack of subject matter jurisdiction is properly the basis of a plea to the jurisdiction.   However, as Ellis correctly noted, in 
Blue 
the Texas Supreme Court held, “The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment.”  
Id. 
(citations omitted).  The trial court, therefore, did not err in granting Ellis’s motion for summary judgment based on the lack of jurisdiction.  We overrule appellant’s fourth point.      

V.  C
ONCLUSION
 

Having overruled appellant’s points on appeal, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

CAYCE, CJ. concurs without opinion.

DELIVERED:
 
February 26, 2004

FOOTNOTES
1: 
Section 410.251 of the Code states, “A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter.”  
Tex. Lab Code Ann.
 § 410.251 (Vernon 1996).  

2:
The TWCC, who intervened in the trial court, filed a letter brief with this court agreeing with Ellis and adopting and incorporating by reference the argument and position of Ellis’s brief. 

3:
“The trial court did not have jurisdiction to hear [the workers’ compensation carrier’s] suit because [it] had not exhausted its administrative remedies . . . because the Appeals Panel did not dispose of all issues in the claim . . . the District Court only has jurisdiction over issues in which the Appeals Panel entered a final decision.”  
Pac. Employers Ins. Co. v. Reynolds
, 961 S.W.2d 516, 517-18 (Tex. App.—San Antonio 1997, no pet.).
 

4:
“That which looks like a duck, walks like a duck, and quacks like a duck, will be treated as a duck even though some would insist upon calling it a chicken.”  
Tidelands Marine Serv. v. Patterson
, 719 F.2d 126, 128 n.3 (5
th
 Cir. 1983). 

5:
34 S.W.3d 547, 554 (Tex. 2000).