In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-345 CV


____________________



COLUMBUS BROUSSARD, Appellant



V.



CITY OF BEAUMONT, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-163,816






MEMORANDUM OPINION


 This is a sovereign immunity case. Columbus Broussard sued the City of Beaumont
for injuries he received in an automobile accident. The City filed two summary judgment
motions asserting sovereign immunity. The trial court granted both motions. Maintaining
the City's immunity has been waived and that the trial court erred in granting both motions,
Broussard brings nine issues on appeal. We will affirm.

 While driving west on West Highland around midnight, Broussard drove off the end
of the pavement, across a grassy area and into a concrete drainage ditch, located one to two
car lengths from the end of West Highland. There were no guardrails, barricades, or
markings indicating the existence or location of the drainage ditch, which was maintained
by Jefferson County Drainage District Six. But there was a "dead end" street sign facing
westbound traffic near the northwest corner of West Highland and St. Louis, approximately
thirty feet from the end of the road. The configuration of West Highland in proximity to the
drainage ditch has existed for over thirty years prior to the accident. During that time, the
only reported accident at the location is the one made the basis of this suit. 

 The City filed traditional motions for summary judgment, and therefore had the
burden to show that no genuine issue of material fact exists and that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985). As a defendant, the City must conclusively negate at least one essential
element of each of Broussard's causes of action or conclusively establish each element of an
affirmative defense. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).
Where as here the movant establishes that the suit is barred as a matter of law, (1) the
non-movant must then present summary judgment proof raising a fact issue. See Gonzalez
v. City of Harlingen, 814 S.W.2d 109, 112 (Tex. App.--Corpus Christi 1991, writ denied).

 Generally, a municipality is immune from tort liability under the doctrine of sovereign
immunity. See City of Amarillo v. Martin, 971 S.W.2d 426, 427 (Tex. 1998). However, the
Texas Tort Claims Act ("Act"or "TTCA") waives immunity in certain circumstances. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). The Act waives sovereign
immunity for certain claims involving the operation or use of a motor vehicle and for claims
involving personal injury and death "caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law." Id. 

 But the Act also includes various exceptions to this waiver of immunity. Section
101.056 provides for the governmental unit to retain its sovereign immunity from claims
based on (1) the unit's failure to perform an act it is not required by law to perform or (2) the
unit's decision not to perform an act or its failure to make a decision whether or not to
perform an act, if the law leaves the performance or nonperformance of the act to the unit's
discretion. Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997). Thus, a
governmental unit retains its immunity from suits arising from its discretionary acts and
omissions. Texas Dep't of Transp. v. Garza, 70 S.W.3d 802, 806 (Tex. 2002).

 In addition, there are other applicable exceptions specifically concerning traffic and
road control devices. Section 101.060(a) states that the Act does not waive the governmental
unit's immunity for claims arising from: (1) the unit's failure initially to place a traffic or
road sign, signal, or warning device if the failure is a result of discretionary action of the
governmental unit; (2) the absence, condition, or malfunction of a traffic or road sign, signal,
or warning device unless the absence, condition, or malfunction is not corrected by the
responsible governmental unit within a reasonable time after notice; or (3) the removal or
destruction of a traffic or road sign, signal, or warning device by a third person unless the
governmental unit fails to correct the removal or destruction within a reasonable time after
actual notice. Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a) (Vernon 1997). However,
sovereign immunity is waived under the Act if the claim arises from a unit's duty to warn of
special defects such as excavations or roadway obstructions. Tex. Civ. Prac. & Rem. Code
Ann. § 101.060(c) (Vernon 1997).

First Summary Judgment Motion


 On September 6, 2002, the trial court heard the City's first summary judgment motion. 
The City asserted the trial court lacked jurisdiction because Broussard could not show the
City's waiver of sovereign immunity, which was an element of his cause of action. At the
time of the hearing, Broussard's live pleadings stated three causes of action - common law
negligence, special defect under section 101.022(b) of the Texas Civil Practices and
Remedies Code, and proprietary function under section 101.0215(b) of the Texas Civil
Practices and Remedies Code. 

 Though the trial court entered its original order granting the City summary judgment
on September 30, 2002, the court ultimately amended the order twice - on December 24,
2002 and again on May 9, 2003. (2) The second amended partial summary judgment found
against Broussard on all of his claims, except as to his negligent implementation cause of
action.

 In issue two, Broussard maintains the first motion's sole ground was the allegation
that Broussard failed to plead a cause of action and contends the City should have raised any
subject matter jurisdiction claim in a plea to the jurisdiction rather than in a summary
judgment motion. Relying on Texas Department of Transportation v. Jones, 8 S.W.3d 636,
638-39 (Tex. 1999), Broussard maintains a summary judgment motion is improper for its
immunity assertion. The Jones Court said "immunity from suit defeats a trial court's subject
matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." Jones, 8
S.W.3d at 639. What Jones does not say, however, is that a plea to the jurisdiction is the
only way to assert immunity. Moreover, in a subsequent case, Bland Independent School
District v. Blue, 34 S.W.3d 547 (Tex. 2000), the Texas Supreme Court said "[t]he absence
of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other
procedural vehicles, such as a motion for summary judgment." Blue, 34 S.W.3d at 544
(footnotes omitted). 

 The City's first motion asserted it was protected by sovereign immunity. The City
was not required to assert its immunity defense through a plea to the jurisdiction. 
Albertson's, Inc. v. Ellis, 131 S.W.3d 245, 248-49 (Tex. App.--Fort Worth 2004, pet. denied). 
Thus, the trial court did not err in granting the City's summary judgment motion that asserted
its sovereign immunity. Id. Issue two is overruled.

 In issues three and four, Broussard contends: (1) he pleaded a special defect cause of
action under section 101.060(c); (3) (2) section 101.025(b) (4)
 waived the City's immunity from
suit and liability; and (3) the City failed to address "special defect" in its first summary
judgment motion. 

 A special defect is a condition of the same kind or class as "excavations or
obstructions on highways, roads, or streets" that unexpectedly and physically impair a
vehicle's ability to travel on the roadway and present "an unusual and unexpected danger to
ordinary users of roadways." See State Dep't of Highways & Pub. Transp. v. Payne, 838
S.W.2d 235, 238 (Tex. 1992) (op. on reh'g); see also State v. Rodriguez, 985 S.W.2d 83, 85
(Tex. 1999). "'A special defect is distinguished by some unusual quality outside the ordinary
course of events, and a longstanding, routine, or permanent condition is not a special
defect.'" Graham v. Tyler County, 983 S.W.2d 882, 884 (Tex. App.--Beaumont 1998, no
pet.)(quoting Harris County v. Smoker, 934 S.W.2d 714, 718 (Tex. App.--Houston [1st Dist.]
1996, writ denied)). Whether a condition is a special defect is a question of law for the court. 
Rodriguez, 985 S.W.2d at 85; Payne, 838 S.W.2d at 238. 

 Here, the drainage ditch has been in its present location, close to the end of West
Highland Drive for over thirty years. The condition here is "longstanding, routine, or
permanent," and as such is not a special defect, the presence of which triggers the statutory
waiver of sovereign immunity provided by sections 101.060(c) and 101.025(b) of the Act. 
Smoker, 934 S.W.2d at 718-19.

 Broussard's additional argument that City failed to address "special defect" in its first
summary judgment is unfounded. Here there is no dispute that the City is protected by
sovereign immunity. The City asserted its sovereign immunity defense and asked the trial
court to dispose of all of Broussard's claims; such a request included all claims in
Broussard's live pleadings, including his claim of the existence of a "special defect." In
order to preserve his "special defect" claim, Broussard then was required to present summary
judgment proof raising a fact issue in avoidance of the sovereign immunity defense. See 
Gonzalez, 814 S.W.2d at 112. He does not contend he offered any evidence to show that the
condition was neither "longstanding, routine, or permanent." Issues three and four are
overruled.

Second Summary Judgment Motion


 Contending that the only remaining claim for the court's determination was whether
the City had negligently implemented any policy, the City filed its second motion for
summary judgment on April 16, 2003. Again, the City asserted it was protected by 
sovereign immunity. The trial court granted a final summary judgment in the City's favor
on May 13, 2003. 

 In issue seven, Broussard says the trial court erred in granting summary judgment on
his "negligent implementation of policy" claim. Broussard maintains the City had policies
requiring the use of barricades to warn of a road's ending, and maintains the City was aware
there were no barricades at the end of West Highland. 

 In support of his contention that the City had such policies, Broussard directs us to the
deposition testimony of Thomas Warner, the City's Public Works Director. In Warner's
deposition, he discusses certain sections of the Texas Manual on Uniform Traffic Control
Devices. The following questions asked by Broussard's attorney and the answers provided
by Warner are pertinent.

 Q. Let's take a look at that provision, "End of Roadway. When it is
determined that markers should be placed at the end of a roadway
where there is no alternate vehicular path, either a marker consisting of
nine red reflectors . . . mounted symmetrically on an 18-inch diamond,
red or black panel; or an 18-inch diamond reflectorized red panel shall
be used."


 Was that type of marker being used on December 24th, 1998?


 A. No, sir. 


 . . . .


 Q. Turning to the last page of Exhibit 2, "Red and white barricades are to
warn and alert drivers of the terminus of a road, street or highway in
other than construction or maintenance areas." What does that pertain
to?


 . . . .


 A. That's the type of barricade that would be - could be used.


 Q. Where a roadway ends?


 A. Yes.


 . . . .


 Q. Looking at the last sentence of that paragraph it says, "These devices
may be used to mark any of the following type locations: No.1,
roadway ends in a dead end or cul-de-sac with no outlet." That's
certainly what we've got here at the end of West Highland . . .?


 A. Yes, sir.


 While Warner testified that barricades and markers were being used in the City, he
declined to agree that they should have been installed at the end of West Highland. He
explained that the condition had existed for a number of years and that the City was unaware
of any problem at that location. 

 Importantly, what Warner's testimony does not show is that the City ever decided to
install barricades or markers at the West Highland location. Rather, his testimony shows the
types of safety devices that would be appropriate at West Highland had the City decided to
install a safety device. A governmental unit retains its immunity from suits arising from its
discretionary acts and omissions. Texas Dep't of Transp. v. Garza, 70 S.W.3d at 806; see 
Tex. Civ. Prac. & Rem. Code § 101.056(2)(Vernon 1997). Decisions to install safety
features are discretionary policy decisions. State v. Miguel, 2 S.W.3d 249, 251 (Tex. 1999);
see Tex. Civ. Prac. & Rem. Code Ann. § 101.056(2). Furthermore, such decisions are the
very ones "for which immunity is retained under section 101.060(a)" of the Act. Texas Dep't
of Transp. v. Bederka, 36 S.W.3d 266, 271 (Tex. App.--Beaumont 2001, no pet.). Section
101.060(a) provides, in part, that immunity is not waived for claims arising from the 
governmental unit's initial failure to place a traffic or road sign, signal, or warning device
if the failure is a result of discretionary action of the governmental unit; or from the absence,
condition, or malfunction of a traffic or road sign, signal, or warning device unless the
absence, condition, or malfunction is not corrected by the responsible governmental unit
within a reasonable time after notice. See Tex. Civ. Prac. & Rem. Code Ann. § 101.060(a). 
Issue seven is overruled.

 In issues five and eight, Broussard attacks City's summary judgment evidence for both
motions arguing that the affidavits of Yvonne Haffa and Thomas Austin Warner contained
substantive defects that can be raised for the first time on appeal. Specifically, Broussard
complains: (1) the affiants do not swear that the affidavit information is "true and correct;"
(2) the affidavits contain an "acknowledgment" rather than an oath; and (3) the affidavits
contain impermissible conclusions. Broussard maintains these are substantive defects.

 Broussard is correct that neither Haffa nor Warner swear the information provided in
their affidavits is "true and correct." An affidavit that does not positively and unqualifiedly
represent the facts as disclosed in the affidavit to be true and within the affiant's personal
knowledge is legally invalid. Humphreys v. Caldwell, 888 S.W.2d 469, 470-71 (Tex. 1994).
Assuming, without deciding, that the affidavits are defective, the grant of summary judgment
on the City's immunity defense still is proper. There is no dispute that the City is a
governmental unit protected by sovereign immunity. Thus, the City has established a defense
barring Broussard's suit as a matter of law, unless Broussard presents summary judgment
proof raising a fact issue in avoidance of the defense. See Gonzalez, 814 S.W.2d at 112. As
discussed above, Broussard has failed to do so. Moreover, other summary judgment
evidence was before the trial court, including the depositions of Haffa and Warner. 
Broussard does not contend that the remainder of the summary judgment evidence fails to
support the judgment. Issues five and eight are overruled.

 In issue nine, Broussard contends the trial court erred in granting both the first and
second summary judgment motions as a final adjudication of all of Broussard's claims where
neither motion addresses the following: special defect; proprietary function or common law
negligence. As we explained in our discussion of issues three and four, Broussard's special
defect claim was addressed in the City's first motion. And Broussard's claims of "common
law negligence" and "proprietary function" were claims contained in his live pleading that
was before the trial court when it heard the City's first summary judgment motion. Thus, 
those claims were included in the City's request for the court to dispose of all of Broussard's
issues in view of the City's assertion of sovereign immunity. Therefore, the City's summary
judgment motions have addressed the claims. Issue nine is overruled. 

 Though not presented as issues, Broussard makes two arguments that we will
consider. First, he asserts the City cannot escape responsibility by claiming it is not the
owner of the premises, because it still would be liable for "special defects." However, we
already have found no special defect existed; this argument is without merit. Second,
Broussard apparently contends that, since the drainage ditch was built before the Torts
Claims Act went into effect in 1970, the City's continued maintenance of Highland Street
and the ditch is a proprietary function for which the City is liable under pre-1970 standards. 
However, Broussard's live pleadings on his proprietary function claim specifically reference
section 101.0215(b) of the Tort Claims Act and make no allegation regarding a pre-1970
claim, which thus has been waived. See Tex. R. App. P. 38.1(h).

 In issues one and six, Broussard generally asserts the trial court errred in granting the
City's summary judgment motions as authorized by Malooly Brothers, Inc. v. Napier, 461
S.W.2d 119, 121 (Tex. 1970). As all of Broussard's arguments have been addressed and
overruled, we need not consider his general issues.

 Accordingly, we overrule all of the issues and arguments of Columbus Broussard and
affirm the trial court's judgment.

 PER CURIAM

Submitted on May 27, 2004

Opinion Delivered August 31, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The parties do not dispute that the City is a governmental unit protected by sovereign
immunity. 
2. After the entry of the original order but before the two amendments, the trial court
granted leave for Broussard to file his fifth amended petition. In that petition, Broussard
added a fourth cause of action - negligent implementation of policy. Both of the amended
orders granted the City partial summary judgment and both provided that Broussard's
negligent implementation cause of action was still before the Court. 
3. § 101.060. Traffic and Road Control Devices


(a) This chapter does not apply to a claim arising from:


 (1) the failure of a governmental unit initially to place a traffic or road sign, signal,
or warning device if the failure is a result of discretionary action of the governmental unit;

 (2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning
device unless the absence, condition, or malfunction is not corrected by the responsible
governmental unit within a reasonable time after notice; or

 (3) the removal or destruction of a traffic or road sign, signal, or warning device by
a third person unless the governmental unit fails to correct the removal or destruction within
a reasonable time after actual notice.


(b) The signs, signals, and warning devices referred to in this section are those used in
connection with hazards normally connected with the use of the roadway.


(c) This section does not apply to the duty to warn of special defects such as excavations or
roadway obstructions.


Tex. Civ. Prac. & Rem. Code Ann. § 101.060.
4. § 101.025. Waiver of Governmental Immunity; Permission to Sue


 (a) Sovereign immunity to suit is waived and abolished to the extent of liability
created by this chapter.


 (b) A person having a claim under this chapter may sue a governmental unit for
damages allowed by this chapter.


Tex. Civ. Prac. & Rem. Code Ann. § 101.025.