**James Franklin LEE, Appellant,**

v.

**Jane Clarius LEE, Appellee.**

No. 2–03–359–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 10, 2005.

McClure Duffee & Eitzen LLP, Clint Westhoff, Dallas, for Appellant.

Harris Cook, L.L.P., Chris Harris and David Lee Cook, Arlington, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

The issue before this court is whether a mediated settlement agreement requires mediation. We hold that it does.

Appellee Jane Clarius Lee retained an attorney, and, on May 15, 2003, filed a petition for divorce from her husband, Appellant James Franklin Lee ("Jim"). On June 1, 2003, Jane and Jim met in Jane's home to discuss settling the case. No one else was present at this meeting. They negotiated an agreement. The first page of the agreement was prepared by Jane's attorney. Jim typed the remaining pages. The agreement, entitled "Binding Settlement Agreement," contains the following language on the first page: " **PURSUANT TO SECTION 6.602 OF THE TEXAS FAMILY CODE, THIS AGREEMENT IN [SIC] NOT SUBJECT TO REVOCATION.**" Jim and Jane both signed the agreement. Jim was not represented by an attorney at the time he signed the agreement. Before the rendition of divorce and the property division, Jim revoked or attempted to revoke his consent to the agreement, but the trial court found

that the signed agreement between the parties "is ... not subject to revocation." Similarly, on November 13, 2003, the trial court entered the following conclusion of law: "The Agreement meets the requirements of Texas Family Code section 6.602(b) and is therefore not subject to revocation."

In Jim's first issue, he questions whether the written agreement can be a mediated settlement agreement when there was no mediator. Section 6.602(b) and (c) provide:

(b) A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(c) If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.[1]

As Jane points out, neither *mediated settlement agreement* nor *mediated* is defined in section 6.602. As this court has already held when construing another part of this statute,

In construing a statute, our objective is to determine and give effect to the legislature's intent. When terms are not defined in a statute, we apply their ordinary meaning. We also presume that the legislature intended a just and reasonable result in enacting a statute. A court will not construe a statute in a manner that will lead to a foolish or absurd result when another alternative is available.[2]

The first definition for *mediation* in *Webster's Third New International Dictionary* is "intervention between conflicting parties or viewpoints to promote reconciliation, settlement, compromise, or understanding."[3] Similarly, *mediation* is defined in *Black's Law Dictionary* as "[a] method of nonbinding dispute resolution involving a neutral third party who tries to help the disputing parties reach a mutually agreeable solution."[4]

Jane argues that the purpose of a neutral third party's presence is to facilitate communication and that when a neutral third party's presence is not necessary to facilitate communication, the parties can agree to reconcile their differences, voluntarily invoke section 6.602, and reach a mediated settlement agreement without a mediator.

Given that section 7.006(a) of the Texas Family Code, which has been in force for many years, already allows divorcing parties to enter into written agreements without requiring mediation concerning the division of the community assets and liabilities as well as spousal maintenance,[5] we decline to carve a common-law exception into section 6.602(b) that allows an

1. TEX. FAM.CODE ANN. § 6.602 (Vernon Supp. 2004–05).

2. *Boyd v. Boyd,* 67 S.W.3d 398, 403 (Tex.App.-Fort Worth 2002, no pet.).

3. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1402 (1981).

4. BLACK'S LAW DICTIONARY 1003 (8th ed.2004).

5. TEX. FAM.CODE ANN. § 7.006(a) (Vernon 1998).

unmediated settlement agreement to morph into a mediated settlement agreement based on mere form.[6] We hold that a mediated settlement agreement necessarily requires mediation and a mediator.

Because there was no third party present at the settlement conference between Jim and Jane, there was no mediated settlement agreement. Instead, the couple's agreement is simply an agreement under section 7.006(a).[7] Such agreements may be revised or repudiated before the divorce is rendered unless the agreement is binding under another rule of law.[8] The trial court abused its discretion in preventing Jim from revoking his consent to the settlement on the basis that the agreement was a binding mediated settlement agreement. We therefore sustain Jim's first issue. Because of our disposition of this issue, we do not reach Jim's second issue challenging the legal sufficiency of the evidence to support the trial court's finding that he and Jane intended their agreement to comply with section 6.602(b) and that they voluntarily agreed to invoke section 6.602(b).

We affirm the divorce but remand this case to the trial court for trial on all remaining issues.

---

**6.** *See Albertson's, Inc. v. Ellis*, 131 S.W.3d 245, 249 n. 4 (Tex.App.-Fort Worth 2004, pet. denied) ("That which looks like a duck, walks like a duck, and quacks like a duck, will be treated as a duck even though some would insist upon calling it a chicken." (quoting *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 128 n. 3 (5th Cir.1983))).

**7.** Tex. Fam.Code Ann. § 7.006(a).

