COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-359-CV
  
  
JAMES FRANKLIN LEE                                                           APPELLANT
  
V.
  
JANE CLARIUS LEE                                                                  APPELLEE
 
 
------------
 
FROM THE 360TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        The 
issue before this court is whether a mediated settlement agreement requires 
mediation.  We hold that it does.
        Appellee 
Jane Clarius Lee retained an attorney, and, on May 15, 2003, filed a petition 
for divorce from her husband, Appellant James Franklin Lee (“Jim”).  On 
June 1, 2003, Jane and Jim met in Jane’s home to discuss settling the 
case.  No one else was present at this meeting. They negotiated an 
agreement.  The first page of the agreement was prepared by Jane’s 
attorney.  Jim typed the remaining pages.  The agreement, entitled 
“Binding Settlement Agreement,” contains the following language on the first 
page: PURSUANT TO SECTION 6.602 OF THE TEXAS 
FAMILY CODE, THIS AGREEMENT IN [SIC] NOT SUBJECT TO REVOCATION.”  
Jim and Jane both signed the agreement.  Jim was not represented by an 
attorney at the time he signed the agreement.  Before the rendition of 
divorce and the property division, Jim revoked or attempted to revoke his 
consent to the agreement, but the trial court found that the signed agreement 
between the parties “is . . . not subject to revocation.”  Similarly, 
on November 13, 2003, the trial court entered the following conclusion of law: 
“The Agreement meets the requirements of Texas Family Code section 6.602(b) 
and is therefore not subject to revocation.”
        In 
Jim’s first issue, he questions whether the written agreement can be a 
mediated settlement agreement when there was no mediator.  Section 6.602(b) 
and (c) provide:
  
(b) A mediated settlement agreement is binding on the parties if the agreement:
  
(1) provides, in a prominently 
displayed statement that is in boldfaced type or capital letters or underlined, 
that the agreement is not subject to revocation;
(2) is signed by each party to 
the agreement; and
(3) is signed by the party's 
attorney, if any, who is present at the time the agreement is signed.
(c) If a mediated settlement 
agreement meets the requirements of this section, a party is entitled to 
judgment on the mediated settlement agreement notwithstanding Rule 11, Texas 
Rules of Civil Procedure, or another rule of law.[1]
 
        As 
Jane points out, neither mediated settlement agreement nor mediated 
is defined in section 6.602. As this court has already held when construing 
another part of this statute,
 
In construing a statute, our objective is to determine and give effect to the 
legislature's intent.  When terms are not defined in a statute, we apply 
their ordinary meaning.  We also presume that the legislature intended a 
just and reasonable result in enacting a statute.   A court will not 
construe a statute in a manner that will lead to a foolish or absurd result when 
another alternative is available.[2]
   
        The 
first definition for mediation in Webster’s Third New International 
Dictionary is “intervention between conflicting parties or viewpoints to 
promote reconciliation, settlement, compromise, or understanding.”[3]  Similarly, mediation is defined in Black’s 
Law Dictionary as “[a] method of nonbinding dispute resolution involving a 
neutral third party who tries to help the disputing parties reach a mutually 
agreeable solution.”[4]
        Jane 
argues that the purpose of a neutral third party’s presence is to facilitate 
communication and that when a neutral third party’s presence is not necessary 
to facilitate communication, the parties can agree to reconcile their 
differences, voluntarily invoke section 6.602, and reach a mediated settlement 
agreement without a mediator.
        Given 
that section 7.006(a) of the Texas Family Code, which has been in force for many 
years, already allows divorcing parties to enter into written agreements without 
requiring mediation concerning the division of the community assets and 
liabilities as well as spousal maintenance,[5] we 
decline to carve a common-law exception into section 6.602(b) that allows an 
unmediated settlement agreement to morph into a mediated settlement agreement 
based on mere form.[6]  We hold that a mediated 
settlement agreement necessarily requires mediation and a mediator.
        Because 
there was no third party present at the settlement conference between Jim and 
Jane, there was no mediated settlement agreement.  Instead, the couple’s 
agreement is simply an agreement under section 7.006(a).[7]  
Such agreements may be revised or repudiated before the divorce is rendered 
unless the agreement is binding under another rule of law.[8]  
The trial court abused its discretion in preventing Jim from revoking his 
consent to the settlement on the basis that the agreement was a binding mediated 
settlement agreement.  We therefore sustain Jim’s first issue.  
Because of our disposition of this issue, we do not reach Jim’s second issue 
challenging the legal sufficiency of the evidence to support the trial court’s 
finding that he and Jane intended their agreement to comply with section 
6.602(b) and that they voluntarily agreed to invoke section 6.602(b).
        We 
affirm the divorce but remand this case to the trial court for trial on all 
remaining issues.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
 
PANEL A:   CAYCE, 
C.J.; DAUPHINOT and GARDNER, JJ.
 
DELIVERED: February 10, 2005


NOTES
1.  
Tex. Fam. Code Ann. § 6.602 
(Vernon Supp. 2004-05).
2.  
Boyd v. Boyd, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.).
3.  
Webster’s Third New International 
Dictionary 1402 (1981).
4.  
Black’s Law Dictionary 1003 (8th 
ed. 2004).
5.  
Tex. Fam. Code Ann. § 7.006(a) 
(Vernon 1998).
6.  
See Albertson's, Inc. v. Ellis, 131 S.W.3d 245, 249 n.4 (Tex. 
App.—Fort Worth 2004, pet. denied) (“That which looks like a duck, walks 
like a duck, and quacks like a duck, will be treated as a duck even though some 
would insist upon calling it a chicken.” (quoting Tidelands Marine Serv. v. 
Patterson, 719 F.2d 126, 128 n.3 (5th Cir.1983))).
7.  
Tex. Fam. Code Ann. § 7.006(a).
8.  
Id.